**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GETU TADDESE,
Petitioner,

v.

No. 98-2043

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-382-738)

Submitted: March 30, 1999

Decided: April 21, 1999

Before MURNAGHAN and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Onyebuchi N. Enechionyia, Arlington, Virginia, for Petitioner. Frank
W. Hunger, Assistant Attorney General, David M. McConnell, Assis-
tant Director, James A. Hunolt, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Getu Taddese, a native Ethiopian, appeals from a Board of Immigration Appeals ("BIA") order that denied as untimely his motion to reopen the decision of the Immigration Judge finding him deportable and denying his application for asylum. We affirm.

We review the BIA's denial of a motion to reopen under an abuse of discretion standard. See INS v. Doherty, 502 U.S. 314, 323 (1992); Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993). Denial of a motion to reopen "must be reviewed with extreme deference," since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen." M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). A motion to reopen deportation or exclusion proceedings must generally be filed "not later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened or on or before September 30, 1996, whichever is later." 8 C.F.R. § 3.2(c)(2)(1998). Here, the BIA's final decision was entered July 1, 1996;* Taddese's motion to reopen was filed June 23, 1997, well beyond the 90-day limitation.

Accordingly, we find that the BIA did not abuse its discretion in denying Taddese's motion to reopen and affirm the BIA's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*The BIA's order and a transcript of the hearing were served on Taddese's counsel, in compliance with the applicable regulation. See 8 C.F.R. § 292.5(a) (1998).

2